UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANDREW JOSEPH SMITH<br>    *Plaintiff,*<br><br>v.<br><br>STATE OF RHODE ISLAND FAMILY COURT; ET. AL.,<br>    *Defendants.* | C.A. No. 1:19-cv-00550-MSM-LDA |

## NOTICE OF WAIVER OF REPLY

**NOW COME** Defendants State of Rhode Island Family Court, State of Rhode Island Supreme Court, and Associate Justice Patricia K. Asquith, in her official capacity as a Family Court Judge (collectively hereinafter, the "State"), hereby submit this Notice of Waiver of Reply, pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"), which in pertinent part provides:

> **(g) WAIVER OF REPLY:**
> (1) *Any defendant may waive the right to reply to any action by a prisoner* confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
> (2) The court may require the defendant to reply to a complaint brought under this section if it finds that the ***plaintiff has a reasonably opportunity to prevail on the merits***.
>
> 42 U.S.C. 1997e(g) (*emphasis added*).

Further, in Jones v. Bock, the United States Supreme Court discussed the § 1997e waiver and held:

1

> Courts are to screen inmate complaints 'before docketing, if feasible, or, ... as soon as practicable after docketing,' and dismiss the complaint if it is 'frivolous, malicious, ... fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief from a defendant who is immune from such relief.' 28 U.S.C. §§ 1915A(a), (b). All this may take place before any responsive pleading is filed-unlike in the typical civil case, ***defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court*** and waiving the right to reply does not constitute an admission of the allegations in the complaint.
>
> Jones v. Bock, 549 U.S. 199, 213–14 (2007) (*quoting* 42 U.S.C. §§ 1997e(g)(1), (2)) (*emphasis added*).

Currently, Plaintiff is serving a three-year term sentence for child pornography at the Rhode Island Medium-Security Facility in the Adult Corrections Institutions, and therefore meets the definition of "prisoner" under the PLRA. See 42 U.S.C. §1997(h). Further, a simple cursory review of the instant Complaint also reveals the frivolous and meritless nature of the suit – as it is yet another attempt by Plaintiff to overrule the State Courts' decisions on the outcome of the divorce proceedings between Plaintiff and Co-Defendant, Terryann Smith.[1] Furthermore, the

---

[1] The following provides a list of all cases initiated by Plaintiff, largely relating to the divorce proceedings and/or his criminal actions as a result of the divorce, i.e. breaking and entering into Co-Defendant Terryann Smith's home to take valuables:

Smith v. State of RI, No. 1:17-cv-480-JJM-PAS (D.R.I. 2017) (dismissing Plaintiff's claims as an improper attempt to interfere with an ongoing Rhode Island Family Court divorce proceeding against Plaintiff); Smith v. State of RI, 1:17-cv-525-JJM-LDA (D.R.I. 2017) (dismissing Plaintiff's claims as an improper attempt to interfere with an ongoing Rhode Island Superior Court criminal proceeding against Plaintiff); Smith v. Federal Bureau of Investigations and State of RI, No. 1:18-cv-00013-JJM-PAS (D.R.I. 2018) (dismissing Plaintiff's claims as an improper attempt to interfere with an ongoing Rhode Island Superior Court criminal proceeding against Plaintiff); Smith v. Hon. Alan R. Goulart, No. 1:18-cv-00020-WES-LDA (D.R.I. 2018) (dismissing Plaintiff's claims against a Rhode Island Magistrate Judge that issued a search warrant in connection with a state criminal investigation); Smith v. Smith, No. 1:18-cv-00092-JJM (D.R.I. 2018) (dismissing Plaintiff's claims as "frivolous" and an improper attempt to interfere with an ongoing Rhode Island Superior Court criminal proceeding against Plaintiff); Smith v. State of RI, No. 1:18-cv-00027-JJM-LDA (D.R.I. 2018) (dismissing Plaintiff's habeas corpus petition for failure to exhaust state court remedies); Smith v. State of RI, No. 1:18-cv-00621-WES-LDA (D.R.I. 2018) (denying and dismissing Plaintiff's habeas corpus petition for failure to exhaust state court remedies); Smith v. State of RI, RI Family Ct., and RI Supreme Ct., No. 1:18-cv-00370-WES-LDA (D.R.I. 2018) (dismissing Plaintiff's claims as an improper attempt to review and overturn rulings made by the Rhode Island Family Court and Rhode Island Supreme Court); Smith v. Neronha and Raimondo, No. 1:19-cv-00029-JJM-LDA (D.R.I. 2019) (dismissing Plaintiff's claims as an improper attempt to interfere with an ongoing Rhode Island Superior Court criminal proceeding against Plaintiff); Smith v. Neronha and Raimondo, No. 19-1470 (1st Cir. 2019) (dismissing appeal for lack of prosecution); and Smith v. 39 Incorporations, RI Supreme Ct.,

instant Complaint involves the ownership of a property to which Mr. Smith has no legal right to – as he conveyed the property to a Ms. Marcia E. McCabe during the divorce proceedings in 2016.[2]

Recently, this Court issued a Report and Recommendation in Smith v. 39 Rhode Island Incorporations, recognizing Mr. Smith's "lengthy history of frivolous and abusive filings in this Court" and recommending the following proposed order to "address Plaintiff's pattern of filing frivolous and abusive lawsuits":

> Plaintiff Andrew Smith is prohibited from filing any additional complaints or other papers in this Court, except for filings in currently-pending cases to object to a Report and Recommendation of a Magistrate Judge or to effect [*sic*] an appeal from this Court, without first obtaining the prior written approval of a District Judge of this Court. If Plaintiff Andrew Smith wishes to file any additional complaints or other papers in this Court, he shall file a written petition seeking leave of Court to do so. The petition must be accompanied by copies of the documents sought to be filed, and a certification under oath that there is a good-faith basis for filing them in Federal Court. The Clerk of Court shall accept the documents, mark them received and forward them to a District Judge of this Court for action on the petition for leave to file.

Report and Recommendation, ECF 19, Smith v. 39 Rhode Island Incorporations, et al., C.A. No. 1:19-cv-001100-WES-LDA (D.R.I. Nov. 15, 2019), attached hereto as Exhibit B. Accordingly, it is glaringly clear that the instant Complaint is yet another frivolous and abusive lawsuit filed by Mr. Smith—and the type of pleading that the PLRA necessitates courts to screen and summarily dismiss. See Jones v. Bock, 549 U.S. 199, at 213-214; see also 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). However, should the Court find that the instant Complaint has merit, the State will respond upon request by the Court, pursuant to 42 U.S.C. § 1997e(g).

---

No. 1:19-cv-00110-WES-LDA (D.R.I. 2019) (pending decision on the State's motion to dismiss); see also Smith v. Smith, No. P20142875 (R.I. Fam. Ct. 2018) (granting Co-Defendant Terryann Smith an absolute divorce and imposing sanctions on Plaintiff for acting in bad faith and repeatedly filing frivolous motions to increase litigation costs), aff'd 207 A.3d 447, 451 (R.I. 2019) ("If ever there was a case in which this sanction was warranted, the facts of this case cry out for such a remedy.").

[2] See Warranty Deed Andrew J. Smith to Marcia McCabe, recorded Sept. 2, 2016, in Cranston, RI, Book No. 5287, Pg. 183; Corrective Deed Andrew J. Smith to Marcia E. McCabe, recorded on Oct. 30, 2019, in Cranston, RI, Book No. 5287, Pg. No. 183, unofficial copy of first page of deed attached hereto as Exhibit A.

Respectfully Submitted,

**DEFENDANTS**
RHODE ISLAND FAMILY COURT;
RHODE ISLAND SUPREME COURT; and
ASSOCIATE JUSTICE PATRICIA
ASQUITH, in her official capacity,

By their Attorneys,

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Alison B. Hoffman*
*/s/ Justin J. Sullivan*
Alison B. Hoffman, Esq. (#9811)
Justin J. Sullivan, Esq. (#9770)
Special Assistant Attorneys General
Rhode Island Office of the Attorney General
150 S. Main St., Providence, RI 02903
Tel: (401) 274-4400 | Fax: (401) 222-2995
Ext. 2116 | ahoffman@riag.ri.gov
Ext. 2007 | jjsullivan@riag.ri.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on Monday, November 25, 2019 I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I further certify that on Monday, November 25, 2019 I mailed a true and accurate copy of the within document via U.S. First Class mail, postage prepaid, to the following:

Andrew J. Smith, pro se (ID#152162)
Medium Security BR-5B
P.O. Box 8274
Cranston, RI 02920

                                                                              */s/ Diane Milia*