## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| Andrew J. Smith, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| State of Rhode Island Family Court | ) | C.A. No. 1:19-cv-550-MSM-LDA |
| Judge Patricia K. Asquith | ) | |
| Terryann Smith a/k/a Terryann Hodge | ) | |
| Jesse Nason and | | |
| Kirshenbaum & Kirshenbaum, | | |
|     Defendants. | | |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

The Court has before it a Motion to Dismiss (ECF No. 5) filed by defendants Nason and Kirshenbaum & Kirshenbaum Attorneys at Law, Inc. The Plaintiff has not filed an objection to that Motion but has instead filed a document titled "Motion for Emergency Injunctive Relief to be Granted" (ECF No. 12) which appears to also be an attempt to amend his Complaint. Because the Plaintiff is *pro se,* and his papers should be read with some flexibility, *Erickson v. Pardus,* 551 U.S. 89, 93, (2007), this Court will consider the Plaintiff's most recent filing as both an objection to the Defendant's Motion to Dismiss and an attempt to amend his Complaint.

Plaintiff's claims in this case (in both his original Complaint and his more recent filing) are similar to those claims made in several cases previously filed in this Court, all of which are related to his state court divorce proceedings. *See Smith v.*

*State of Rhode Island*, No. 1:17-cv-480-JJM, *Smith v. Smith*, No. 1:18-cv-092-JJM, *Smith v. State of Rhode Island Family Court*, No. 1:18-cv-370-WES and *Smith v. 39 Rhode Island Corporations*, No. 1:19-cv-110-WES. Apart from the last case, which awaits decision on a pending Motion to Dismiss, all have been dismissed by Judges of this Court. In *Smith v. State of Rhode Island*, 1:17-cv-480-JJM, Mr. Smith protested the Rhode Island Family Court's distribution of assets in his divorce, virtually the same complaint he lodges here. That case was dismissed. In *Smith v. Smith*, No.1:18-cv-00092-JJM, the Court dismissed Plaintiff's Complaint pursuant to the domestic relations exception to federal subject matter jurisdiction because he was seeking to relitigate his divorce proceedings in this Court. Finally, in *Smith v. State of Rhode Island Family Court*, No. 1:18-cv-370-WES, the Court dismissed Mr. Smith's attempt to relitigate his divorce because it was not appropriately brought in federal court due to the domestic relations exception to federal jurisdiction as well as the *Rooker-Feldman* abstention doctrine.[1]

In the present filing Mr. Smith again seeks to relitigate certain aspects of his divorce. He also claims violation of his "Fifth Amendment property rights." All his claims relate to the Rhode Island Family Court Judge's order dissolving his marriage and transferring certain property to his former spouse. The Defendants have filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] The *Rooker-Feldman* doctrine stands for the principle that federal district courts lack jurisdiction to hear cases seeking review of state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

In order to survive a motion to dismiss, the complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The Complaint and subsequent filing do not meet that standard.

Plaintiff's Complaint is an improper attempt to have this Court review and overturn rulings made by the Rhode Island Family Court and the Rhode Island Supreme Court. Such an attempt is barred in federal court by the Rooker-Feldman abstention doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that the Rooker-Feldman doctrine bars federal courts from entertaining "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); and *Edwards v. Ill. Bd. of Admissions*, 261 F.3d 723, 728 (7th Cir. 2001) ("Federal courts do not have subject matter jurisdiction to review state court civil decisions. Plaintiff must instead seek review through the state court system and, if necessary, petition the United States Supreme Court for a writ of certiorari."). This Court also lacks subject matter jurisdiction over the Plaintiff's complaint because his complaint alleges issues properly litigated in Family Court and subject to the domestic relations exception to federal jurisdiction. *See Irish v. Irish,* 842 F.3d 736, 740 (1st Cir. 2016).

Further, the Rhode Island Family Court and Rhode Island Family Court Judge Patricia K. Asquith are immune from suit. Mr. Smith has pled only allegations concerning actions taken by judges in their judicial capacities. "Only judicial actions

taken in the clear absence of all jurisdiction will deprive a judge of absolute immunity." *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). Mr. Smith has not pled the absence of jurisdiction or that any of the actions taken by Family Court judges were not judicial in nature.

Mr. Smith's invocation of the Fifth Amendment is also unavailing. The simple claim of a Fifth Amendment violation is not enough for this court to assume jurisdiction. The court looks beyond the labels attached to claims by the litigants and instead determines the nature of the substantive claim. "We look to the reality of what is going on. The domestic relations exception 'governs claims. . . even where they are cloaked in the 'trappings of another type of claim.'" *Irish*, 842 F.3d at 742. In this case the constitutional claim is simply an attempt to re-litigate his divorce and is barred by the doctrines cited herein.

For the foregoing reasons, the defendants' Motion to Dismiss is GRANTED, and the Complaint is DISMISSED.


IT IS SO ORDERED.

Mary S. McElroy
United States District Judge


1/7/2020